UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. 6:16-cv-1287-Orl-37KRS


JAMES L. JONES, MARTY
HOGAN, and others similarly situated,

      Plaintiffs,

vs.


BCM SECURITY SERVICES, INC.,
a foreign corporation and CURTIS
MATTINGLY, individually,

      Defendants.

_____/

**FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT**

This Fair Labor Standards Act ("FLSA") Settlement Agreement ("Agreement") is made and entered into by plaintiffs JAMES L. JONES, MARTY HOGAN, (hereinafter, "Plaintiffs") and defendants BCM SECURITY SERVICES, INC., a foreign corporation and CURTIS MATTINGLY, individually, (referred to collectively as "BCM") (hereinafter, Plaintiffs and BCM each being a "Party" and, together, the "Parties").

WHEREAS, Plaintiffs filed a civil action in the United States District Court, Middle District of Florida, Orlando Division, Case No. 6:16-cv-1287-Orl-37KRS, asserting allegations relating to and arising out of their employment with BCM under the FLSA (the "Lawsuit"); and

WHEREAS, Plaintiffs allege that BCM improperly compensated them during their employment with BCM; and

WHEREAS, BCM denies liability herein and denies any wrongdoing with respect to Plaintiffs; and

WHEREAS, entry into this Agreement in no way reflects any change in BCM's position that it denies all liability and any wrongdoing in this matter; and

WHEREAS, Plaintiffs have voluntarily agreed to dismiss the Lawsuit, and any related matters, with prejudice; and

WHEREAS, the Parties understand and acknowledge the risks involved in litigation, including the potential for unavailability or uncooperativeness of witnesses, procedural delays and the prospect of a loss, in whole or in part; and

WHEREAS, the Parties submit that this settlement is the product of thoughtful, careful and deliberate negotiations regarding any and all issues in any way related to these matters; and

WHEREAS, the settlement provides Plaintiffs with compensation for all of their claims in the Lawsuit arising under the FLSA.   Plaintiffs will be compensated for all damages they claim in this matter and attorneys' fees and costs; and

WHEREAS, the Parties consider this settlement reasonable in light of the nature of the violations alleged, the Defendants' time records, the risks inherent in litigation, and the stage of these proceedings; and

WHEREAS, Plaintiffs' attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs; and

WHEREAS, the Parties have resolved this matter and wish to avoid the disruption and expense of litigation.

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1.      **No Admission of Wrongdoing or Liability.**  Nothing contained in this Agreement shall constitute, or be construed as, or is intended to be an admission or an acknowledgment by Defendants of any wrongdoing, wrongful act, or liability with respect to Plaintiffs or any other person, all such wrongdoing and liability being expressly denied.

2.      **Settlement Payment.**  In consideration of this Agreement, in full and final settlement of any and all FLSA claims that were or could have been made by Plaintiffs against BCM, BCM shall pay Plaintiffs the total sum of Four Thousand Dollars and No Cents ($4,000.00) ("Settlement Sum").   The Settlement Sum will be allocated as follows:

- A check in the amount of $500.00 representing consideration for settlement of any and all claims, asserted and unasserted, for overtime  wages and liquidated damages,  such amount to be made payable to Plaintiff, James M. Jones, and to be reported on a 1099 issued to said Plaintiff; and

- A check in the amount of $500.00 representing consideration for settlement of any and all claims, asserted and unasserted, for overtime  wages and liquidated damages,  such amount to be made payable to Plaintiff, Marty Jay Hogan, and to be reported on a 1099 issued to said Plaintiff; and

- A check in the amount of $3,000 for attorneys' fees and costs, made payable to N. James Turner, LLC, for which an IRS Form 1099 will be issued to N. James Turner, Esq.

The Settlement Sum shall be sent to N. James Turner, LLC within the *later* of: (a) ten (10) business days following the date upon which BCM's counsel receives a properly executed original Agreement from Plaintiffs; or (b) ten (10) business days following the date on which the Lawsuit is dismissed with prejudice.

3.      **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of Plaintiffs and the Released Parties.

4.      **Warranties and Representations.**

a.      In signing this Agreement, the Parties expressly warrant and represent that they have carefully read and fully understand the comprehensive terms and conditions of the Agreement and the releases set forth herein.

b.      The Parties warrant and represent that they are executing this Agreement knowingly and voluntarily, without any duress, coercion, fraud, or undue influence.

c.      The Parties represent and warrant their understanding that they have the right to consult with an attorney of their own choice and that they have consulted with an attorney of their choice before executing this Agreement.

d.      The Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

5.      **<u>Governing Law and Severability.</u>**

This Agreement shall be governed by the laws of the State of Florida without giving effect to principles of conflicts of law.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  To the extent this Agreement is in violation of applicable law, the Parties agree to negotiate in good faith to amend the Agreement, consistent with its purposes, to the extent possible and in order to conform to law.

6.      **<u>Venue and Interpretation.</u>**   In the event of any action arising under this Agreement, venue shall be proper in the United States District Court, Middle District of Florida, Orlando Division. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

**PLAINTIFFS HAVE BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CONSULTED WITH THEIR ATTORNEY, N. JAMES TURNER, AND SIGN THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.**

Dated: December _____, 2016.

_____
Marty Jay Hogan, Jr.

_____
James M. Jones

_____
Curtis Mattingly

BCM Security Services, Inc.

By: _____
Curtis Mattingly, President